# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| W.L. BYERS TRUCKING, INC. and <br> BUZZARD TRANSPORTATION, INC., <br> <br> Plaintiffs, <br> <br> v. <br> <br> FALCON TRANSPORT CO., <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:09-CV-342 JVB |

**OPINION AND ORDER**

Plaintiff W.L. Byers Trucking, Inc., and Buzzard Transportation, Inc., are corporations involved in the trucking industry. Defendant Falcon Transport Co., having entered into a contractual relationship with Plaintiffs, gave them sixty-days written notice of its intent to terminate the agreements. Plaintiffs sued alleging breach of contract, fraud, intentional interference with contract, and conversion. Defendant responded with a Motion to Dismiss for improper venue because of a mandatory arbitration provision contained in the contracts at issue.

**A.      Background and Facts**

Plaintiff W.L. Byers Trucking, Inc., a trucking business, is incorporated and maintains its principal place of business in Pennsylvania. (DE 5, Am. Compl. ¶¶ 1, 7.)  Plaintiff Buzzard Transportation, Inc., also a trucking business, is incorporated and maintains its principal place of business in Indiana. (DE 5, Am. Compl. ¶¶ 2, 7.) Plaintiffs allege that, on June 30, 2008, Byers entered into two contracts—an Agency Agreement and an Equipment and Service Agreement—with Defendant Falcon Transport Co., which is incorporated and maintains its

principal place of business in Ohio. (DE 5, Am. Compl. ¶¶ 3, 5.) Defendant also entered into contract—an Agency Agreement—on June 30, 2008, with Buzzard. (DE 5, Am. Compl. ¶ 6 ("That on or about June 30, 2008, the Plaintiff, Buzzard entered into a contract with the Defendant, namely an Agency Agreement.") Plaintiffs attached both the Byers's and the Buzzard's Agency Agreements to the their Amended Complaint as Exhibits A and C. The alleged Agency Agreement between Buzzard and Defendant is not signed by either party.

According to the Agency Agreements, Plaintiffs were to acquire freight for Defendant and would receive compensation bi-weekly on a commission basis (DE 5, Am. Compl. ¶ 8.) This agreement could only be "terminated upon at least sixty (30)[1] days written notice by either party." (DE 5-1, Pls.' Ex.10, 27.) If the requested termination was for cause, following a breach of a material obligation of the agreement, the non-defaulting party had to give written notice and five days for the party to cure the default before the Agreement would be terminated. (DE 5-1, Pls.' Ex. 10, 27.) Following the termination of the Agency Agreement, Defendant had thirty days to pay Plaintiffs the commission owed on the orders accepted. (DE 5, Am. Compl. ¶ 10.)

Under the Equipment and Service Agreement, Byers had the additional responsibility of providing certain equipment and drivers to deliver loads for a specified percentage of the revenue. (DE 5, Am. Compl. ¶ 12.) This contract could be terminated by written notice at any time. (DE 5, Am. Compl. ¶ 14.) If the Agreement were terminated, Plaintiff had the responsibility to turn in all equipment, remove identification devices, submit freight bills, fuel receipts, trip manifests, damage reports and any other reports required by law before receiving the money owed by Defendant. (DE 5, Am. Compl. ¶ 15.) Defendant was also to provide a

---

[1]The disagreement between "sixty" and "(30)" is quoted directly from the contract, and is not an inconsistency that needs to be settled by this Court.

settlement statement, enumerating the items paid and deductions made. (DE 5, Am. Compl. ¶ 17.)

The Agency Agreements define the relationship of the parties under the heading "Independent Contractor:"

> Agent is an independent contractor, and nothing contained in this Agreement shall be construed to (I) give either party the power to direct and control the day-to-day activities of the other, (ii) constitute the parties as partners, joint ventures, co-owners or otherwise, or (iii) allow Agent to create or assume any obligation on behalf of Carrier for any purpose whatsoever. Agent is not an employee of Carrier and is not entitled to any employee benefits. Agent shall be responsible for paying all income taxes and other taxes charged to Agent on amount earned hereunder. All financial and other obligations associated with Agent's business are the sole responsibility of Agent.

(DE 5-1, Pls.' Ex. 11, 28.)

The Equipment and Service Agreement also defines the scope and manner of the relationship between Defendant and Byers under the paragraph "No Agency:"

> INDEPENDENT CONTRACTOR will not, for any purpose whatsoever, act or propose to act as an agent, representative, or employee of CARRIER. The relationship between INDEPENDENT CONTRACTOR and CARRIER shall be that of INDEPENDENT CONTRACTOR. Employees or agents of one party shall not be considered contractors, employees, or agents of the other party.

(DE 5-1, Pls.' Ex. 18.)

All three contracts that Defendant became party to contain a mandatory arbitration provision. In particular, both Agency Agreements state the following:

> A. This Agreement shall be governed by and construed according to the laws of the State of Ohio of Governing Law.
> B. The parties agree that they will use their best efforts to amicably resolve any dispute arising out of or relating to this Agreement. Any dispute that cannot be resolved amicably shall be settled by final binding arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof. Any such arbitration shall be conducted in Youngstown, Ohio, or such other

place as may be mutually agreed upon by the parties.

(DE 5-1, Pls.' Ex. 12, 29.)

Likewise, the Equipment and Service Agreement states "[t]his Agreement shall be interpreted under the laws of the State of Ohio."(DE 5-1, Pls.' Ex. 19.) Furthermore the Equipment and Services Agreement contains an arbitration clause:

> (a) The parties agree to submit any dispute arising under this Agreement or regarding service contemplated herein to binding arbitration . . . . The parties will jointly initiate arbitration proceedings through the Cincinnati, Ohio office of the American Arbitration Association, or the ADR Council Inc. In Lenexa, Kansas . . .
> (b) Should either party fail to cooperate in the joint submission to arbitration within five (5) days after a request to do so, the other party may unilaterally initiate arbitration by unilaterally filing this Agreement with the American Arbitration Association or the ADR Council, Inc . . . . The locale of the arbitration hearing shall be Youngstown, Ohio.
> (c) The decision of the arbitrator shall be final and binding on the parties . . .

(DE 5-1, Pls.' Ex. 19.)

Plaintiffs allege that they complied with the terms of the agreements (DE 5, Am. Compl. ¶¶ 11, 16.)

On January 26, 2009, Defendant sent Plaintiffs a Sixty Day Notice of Intent to Terminate the Agency Agreement. (DE 5, Am. Compl. ¶ 18.) Plaintiffs allege, however, that Defendant took immediate action in furtherance of the termination by removing signs and placards, retrieving trailers and equipment, and removing personnel and blocking Plaintiffs' computer access to necessary billing and delivery information. (DE 5, Am. Compl. ¶ 18.) Furthermore, Plaintiffs allege that Defendant has failed, among other things, to provide access to financial documents, a settlement statement, and full payment. (DE 5, Am. Compl. ¶ 19.)

**C.     Parties' Contentions**

Plaintiffs sued Defendant alleging breach of contract, fraud, intentional interference with contract, and conversion. (DE 5, Am. Compl. ¶¶ 5–7.) In response, Defendant filed a Motion to Dismiss contending that all three contracts contain arbitration provisions which, subject to Ohio law, compel the parties to arbitrate all disputes arising out of the contracts. (DE 13-2, Def.'s Mot. 1.)

Plaintiffs allege that Buzzard is not bound by the arbitration provision in the Agency Agreement because its officers did not sign the agreement itself, but signed the commission schedule instead. Plaintiffs also allege that, even if the Court finds the Agency Agreement is binding on all parties, Plaintiffs are Defendant's employees, and are exempt from binding arbitration under the Federal Arbitration Act (FAA). Furthermore, they assert that the FAA preempts the Ohio Arbitration Act (OAA), relieving Plaintiffs from any arbitration requirement.

Defendant contends that Buzzard is estopped from denying the validity of the Agency Agreement, or from avoiding its arbitration provision, because Buzzard stated in the pleadings that it had entered into the Agency Agreement with Defendant. Defendant asserts that Plaintiffs are independent contractors subject to the FAA, but even if they are found to be employees, they are still bound by the arbitration clause under the OAA.

**D.    Analysis**

**(1)**    *Motion to Dismiss as to Buzzard Transportation Inc.*

Despite alleging in the Amended Complaint that Buzzard entered into a contract with Defendant, "namely an Agency Agreement" (DE 5, Am. Compl. ¶ 6.), Plaintiffs now claim that, since Buzzard's officers did not sign the Agency Agreement, it is not bound by the arbitration

5

provision. In the Amended Complaint, Plaintiffs allege that Defendant violated numerous terms of the Agency Agreement with Buzzard and seek relief pursuant to its terms. Plaintiffs cannot contend that Buzzard is not a party to the Agency Agreement under which they bring their claims. "Judicial admissions are formal concession in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them . . . . [they] have the effect of withdrawing a fact from contention." *Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). Accordingly, this Court finds that, insofar as Buzzard maintains that Defendant breached the Agency Agreement, Buzzard is bound by that agreement and the absence of signatures does not void the contract.

**(2)** *Motion to Dismiss under the OAA*

Having brought a lawsuit under the Agency Agreements, Byers and Buzzard must undergo arbitration. Plaintiffs allege that they are employees exempt from binding arbitration clauses under the FAA, and that the protection of the FAA preempts the application of the OAA. This argument lacks merit. While the Court is skeptical that a company can be an employee,[2] even if the Court were to determine that Plaintiffs are employees under the FAA, Plaintiffs are still subject to Ohio law and the arbitration provision is therefore governed by the OAA. "The FAA contains no express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Sci., Inc. v. Bd. of Tr. of the Leland Stanford Junior Univ.*, 489 U.S. 468, 470 (1989) (holding that the California Arbitration Act was not pre-empted by the Federal Arbitration Act since the parties had agreed that the arbitration agreement

---

[2]Also, as noted in the fact section, the Agreements explicitly define Plaintiffs as independents contractors of Defendant. *Supra at 4*.

6

would be governed by California law.) Instead, federal law limits states from "adopt[ing] anti-arbitration rules for contracts in or affecting interstate commerce." *Omni Tech Corp. v. MPC Solutions Sales, LLC*, 432 F.3d 797, 799 (7th Cir. 2005).

The Ohio Arbitration Act states:

> A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

Ohio Rev. Code § 2711.01(A).

Unlike the FAA, the OAA provides no exemption from arbitration for employees. Under the OAA, courts are required to enforce most arbitration agreements. *Banks v. Jennigns*, 920 N.E.2d 432, 436 (Ohio Ct. App. 2009). "A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision." *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 866 (Ohio 1998).

Plaintiffs have presented no evidence that there is any basis in the law or in equity to revoke the contract. Beyond asserting that the FAA preempts the OAA, Plaintiffs have failed to challenge the enforceability of the arbitration agreement under the OAA. They have also failed to assert that the claims at issue are beyond the scope of the arbitration provision. Accordingly, Plaintiffs must submit their claims arising under the Agency Agreements to arbitration.

### E.    Conclusion

"Upon being satisfied that the issue involved in the action is referable to arbitration under

7

an agreement in writing for arbitration, [the trial court] shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement." Ohio Rev. Code § 2711.02(B). Therefore, while Defendant moved to dismiss, the arbitration provision must be enforced under the OAA, and the proper remedy is staying the case pending arbitration.

Defendant's Motions to Dismiss (DE 13) is denied but the action is stayed pending arbitration.

SO ORDERED on September 17, 2010.

S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE